# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA COMEAUX, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>SEVENTY SEVEN ENERGY INC., JERRY L. WINCHESTER, VICTOR DANH, ANDREW AXELROD, DOUGLAS J. WALL, DAVID KING, EDWARD J. DIPAOLO, and STEVEN HINCHMAN,<br><br>  Defendants. | Case No. CIV-17-191-M |

## PLAINTIFF'S NOTICE OF WITHDRAWAL OF HER MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Maria Comeaux ("Plaintiff"), by and through her attorneys, having reviewed Defendants' opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 6] ("Injunction Motion"), including the letters from the U.S. Securities and Exchange Commission ("SEC") regarding the disclosures in the Proxy (collectively, the "SEC Letters"), which were first made available to Plaintiff at the time Defendants filed their opposition, hereby withdraws her Injunction Motion and respectfully requests that the Court vacate the hearing on Plaintiff's Injunction Motion scheduled for April 14, 2017 at 11:00 a.m. (the "Injunction Hearing").

On January 23, 2017, Defendants caused a joint proxy statement/prospectus ("Proxy") to be filed with the U.S. Securities and Exchange Commission in connection

with the proposed merger between Seventy Seven Energy Inc. ("SSE") and Patterson-UTI Energy, Inc. ("Patterson-UTI").

On February 22, 2017, Plaintiff filed her complaint alleging that Defendants omitted certain material information from the Proxy, including information regarding the projections for SSE and Patterson-UTI and the valuation analyses performed by SSE's financial advisor. Five days earlier, on February 17, 2017, the SEC had sent a letter to Patterson-UTI's President and Chief Executive Officer identifying certain disclosure deficiencies in the Proxy (the "February 17 SEC Letter"). However, the February 17 SEC Letter did not reference certain disclosure issues identified in Plaintiff's complaint.

On March 3, 2017, the SEC sent another letter to Patterson-UTI's President and Chief Executive Officer (the "March 3 SEC Letter"). The March 3 SEC Letter explicitly referenced Plaintiff's lawsuit, and instructed Patterson-UTI and SSE to address certain disclosure issues that Plaintiff had identified in her complaint but which the SEC had not identified in the February 17 SEC Letter.

On March 28, 2017, Plaintiff filed her Motion for a Temporary Restraining Order and Preliminary Injunction ("Injunction Motion").

On April 5, 2017, Defendants filed their opposition to Plaintiff's Injunction Motion, in which they for the first time made the SEC Letters available to Plaintiff. Having reviewed the SEC Letters, Plaintiff believes that the additional information Defendants added to the final version of the joint proxy statement/prospectus filed with the SEC on March 23, 2017 confers a substantial benefit on SSE shareholders and sufficiently

2

addresses the disclosure issues identified in Plaintiff's complaint and the Injunction Motion.

Accordingly, Plaintiff respectfully requests that the Court vacate the Injunction Hearing.

Dated: April 10, 2017

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
E-mail: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*

By: */s/ Jack L. Brown*
Jack L. Brown, OBA # 10742
C. Michael Copeland, OBA # 13261
15 East Fifth Street, Suite 3800
Tulsa, OK 74103-4309
Tel.: (918) 581-8200
Fax.: (918) 583-1189

*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON April 10, 2017, I authorized the electronic filing of the foregoing document with the Clerk of the Court via the CM/ECF system. The CM/ECF system will provide service via a Notice of Electronic Filing (NEF) to the parties registered in this case.

I declare under penalty of perjury under the laws of the United States and the State of Oklahoma that the foregoing is true and correct.

Executed this 10th day of April, 2017.

By: */s/ Jack L. Brown*