# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA COMEAUX, Individually and on Behalf of All Others Similarly Situated, § § § § <br><br> Plaintiff, § § <br> v. § § <br> SEVENTY SEVEN ENERGY INC., § JERRY L. WINCHESTER, VICTOR § DANH, ANDREW AXELROD, § DOUGLAS J. WALL, DAVID KING, § EDWARD J. DIPAOLO, and STEVEN § HINCHMAN, § § <br> Defendants. § | Case No. 5:17-cv-00191-M |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Timothy J. Bomhoff, OBA # 13172
Patrick L. Stein, OBA #30737
MCAFEE & TAFT
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 552-2339
Facsimile: (405) 228-7339
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com

*Attorneys for Defendants Seventy Seven Energy, Inc., Jerry L. Winchester, Victor Danh, Andrew Axelrod, Douglas J. Wall, David King, Edward J. Dipaolo, and Steven Hinchman*

Of Counsel:

Michael C. Holmes (*pro hac vice*)
Craig E. Zieminski (*pro hac vice*)
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
mholmes@velaw.com
czieminski@velaw.com

**TABLE OF CONTENTS**

I.　SUMMARY OF THE ARGUMENT ................................................................................1

II.　Argument and Authorities........................................................................................2

　　A.　Defendants did not waive their right to seek sanctions..........................................2

　　B.　Defendants timely sought sanctions......................................................................3

　　C.　Defendants complied with Rule 11's safe harbor provision. .................................5

　　D.　Materiality allegations do not insulate Plaintiff from sanctions. ...........................6

　　E.　The P.I. Motion pursued meritless claims. ............................................................7

III.　CONCLUSION................................................................................................................10

Pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority, Seventy-Seven Energy Inc. ("SSE") and the individual defendants (collectively, "Defendants") respectfully submit this Reply in Support of Motion for Sanctions against counsel for Plaintiff Maria Comeaux, Monteverde & Associates PC ("Counsel").

## I.   SUMMARY OF THE ARGUMENT

Defendants' Motion for Sanctions [Doc. 38] ("Mot.") asks the Court to impose sanctions under Rule 11, 28 U.S.C. § 1927, the Court's inherent power, or Local Rule LCvR83.6(b).[1] Plaintiff's opposition brief focuses almost exclusively on Rule 11—which the Court need not even address if it finds that sanctions are appropriate under any of the other sources of authority cited by Defendants. Further, Plaintiff wrongly claims that the Motion is "entirely predicated on Plaintiff's P.I. Motion"[2] and urges the Court to view the P.I. Motion in isolation.  In reality, the Motion for Sanctions is based on Counsel's course of conduct throughout this case,[3] Counsel's "serial abuse[] of the judicial system,"[4] and Counsel's meritless Motion for Fees—a pattern that Counsel will certainly repeat if not sufficiently deterred. *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) (explaining goals of sanctions include deterrence, punishment, and restitution).

---

[1] Plaintiff was apparently unable to identify which Local Rule the Motion for Sanctions references, even though it is cited at pages v and 15-16 of the Motion.

[2] *See* Pl.'s Resp. Br. in Opp'n to Defs.' Mot. for Sanctions [Doc. 39] ("Pl.'s Resp.") at 19.

[3] The Motion for Sanctions details Counsel's deliberate decision to seek a preliminary injunction and an expedited schedule only to withdraw the injunction request once Counsel determined it had sufficient evidence to apply for a fee award. Mot. at 5-7, 10-15; *see also id.* at p. 3 n.1, p. 16 n.10, p. 19 n.14.

[4] *Id.* at 19.

1

## II.    ARGUMENT AND AUTHORITIES[5]

### A.    Defendants did not waive their right to seek sanctions.

Plaintiff argues that Defendants somehow waived their right to seek sanctions because they entered into a stipulation (the "Dismissal") asking the Court to retain jurisdiction "for purposes of further proceedings related to the adjudication of Plaintiff's anticipated application for an award of attorneys' fees and expenses."  Stipulation of Dismissal [Doc. 20] at 2.  In no way does the Dismissal waive the Court's jurisdiction as to matters outside of Plaintiff's Motion for Fees—which Plaintiff concedes.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990) (holding that "petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondents' Rule 11 motion"); Pl.'s Resp. at p. 5 n.5 (acknowledging same).

The cases upon which Plaintiff relies for the waiver argument involve parties who filed motions for sanctions exclusively under Rule 11 *after* the "conclusion of the case"— in violation of the guidance offered by the advisory committee notes to Rule 11.  *See, e.g., Barr Lab. v. Abbott Lab.*, 867 F.2d 743, 748 (2d Cir. 1989) (noting that non-movant "was under the impression that the action was finally and conclusively terminated for all purposes"); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.  This case, however, is *not* fully concluded, as Plaintiff's Motion for Fees is pending.  Thus, sanctions

---

[5] Not surprisingly, Plaintiff requests that the Court award her attorneys' fees incurred in opposing the Motion for Sanctions—in addition to the $380,000 in fees she has already requested. This self-serving request is consistent with Counsel's aim to garner a fee award from the start, and should be denied. Defendants' request for sanctions is well-grounded and appropriately aimed at deterring Counsel's improper conduct.

2

under Rule 11 are available. Further, Defendants also moved for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority, which remain available sources for sanctions even after a case has fully concluded.[6]

Plaintiff also relies on *Cotto v. United States*, in which the First Circuit explained that a party who agrees to the entry of a judgment "without any reservation" waives the right to appeal the judgment. 993 F.2d 274, 279 n.5 (1st Cir. 1993). Not only are Defendants *not appealing* the Dismissal, but unlike *Cotto*, the Dismissal expressly included reservations of anything "related to the adjudication of" the Motion for Fees. Mot. at 7 (citing Stipulation of Dismissal at 2). And the Motion for Sanctions is *directly related to* the Motion for Fees. For example, the Motion for Sanctions references the Motion for Fees no less than *fifteen times*. *See e.g.*, *id.* at p. 9 n.5 ("[T]he Motion for Fees . . . is the culmination of Counsel's improper conduct throughout the course of this litigation."). Thus, Defendants did not waive their right to seek sanctions in this case.

### B. Defendants timely sought sanctions.

Defendants timely filed their Motion for Sanctions one month after their response to Plaintiff's Motion for Fees was due. In light of Rule 11's 21-day safe harbor, this timing was not only reasonable but was also necessary. It allowed Plaintiff the opportunity to withdraw her Motion for Fees prior to Defendants filing the Motion for Sanctions. *See Sieverding v. Colo. Bar Ass'n*, 2003 WL 22400218, at *33 (D. Colo. Oct. 14, 2003)

---

[6] *See Mellott v. MSN Commcn's, Inc.*, 492 F. App'x 887, 890 (10th Cir. 2012) (holding that motion for sanctions under inherent power may properly be presented after dismissal of a plaintiff's case); *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) (declining to hold Section 1927 inapplicable after final judgment has been entered).

3

("The purpose of that 'safe harbor' is to provide an opportunity to the miscreant to withdraw the pleading that offends the provisions and purposes of Rule 11.").

The timing of the Motion for Sanctions was also appropriate under Section 1927. The Tenth Circuit has acknowledged that "the application of § 1927 may become apparent only at or after the litigation's end, given that the § 1927 inquiry is whether the proceedings have been unreasonably and vexatiously multiplied." *Steinert*, 440 F.3d at 1223 (finding that movant "promptly sought § 1927 fees after the dismissal"). The Motion for Sanctions alleges that Counsel "have pursued a course of conduct in this case designed to use the judicial system solely to generate attorneys' fees," including by "continuing to pursue the Motion for Fees, which is the culmination of [such] conduct . . . ." Mot. at 1, 9 n.5. Thus, Plaintiff's argument that Defendants should have filed the Motion for Sanctions *before* Plaintiff filed the Motion for Fees is nonsensical.

Plaintiff relies on inapposite, out-of-circuit cases which found sanctions motions filed up to seven months after final disposition of the case were untimely under Rule 11— but not under Section 1927 or the court's inherent power.[7] And in *Agency Premium*

---

[7] *See Argent Mortg. Co., LLC v. Diaz*, 2006 WL 2092430, at *3-4 (S.D. Tex. July 26, 2006) (finding sanctions motion was untimely under Rule 11 (but not under Section 1927) when plaintiff had withdrawn offending pleading six months before defendant moved for sanctions); *Sullivan v. Crosley*, 1993 WL 160318, at *3 (E.D. Penn. May 17, 1993) (evaluating promptness of filing Rule 11 motion based on amount of time "after [movants] learned all that was necessary to file their motion for sanctions" and noting "section 1927 is not subject to a 'timeliness' provision"); *In re Cent. Ice Cream Co.*, 1986 WL 13635, at *7 (N.D. Ill. Nov. 21, 1986) (following Seventh Circuit rule that "motions for sanctions are to be decided as expeditiously as possible" and evaluating when "the actions which formed the basis of the . . . ground[s] for [the] motion for sanctions" occurred).

4

*Resource, Inc. v. C.K. Patrick, Inc*., there was *no activity* in the case until *four months* after the district court's remand, when the defendant belatedly moved for sanctions. 47 F.3d 1178 (10th Cir. 1995). Here, Defendants filed their response to Plaintiff's fee motion on August 2, 2017, and served Plaintiff with their sanctions motion a mere twelve days later.

  **C. Defendants complied with Rule 11's safe harbor provision.**

  Plaintiff misses the mark in describing the Motion for Sanctions as one for Rule 11 sanctions solely based on the P.I. Motion. Defendants noted that, to the extent this Court decides to reach the Rule 11 issue,[8] it may at least impose sanctions based on *Plaintiff's pending Motion for Fees*. Mot. at p. 9 n.5. Defendants served the Motion for Sanctions on August 14, 2017. Plaintiff took *no action* between August 14, 2017, and September 6, 2017, when Defendants filed the Motion for Sanctions after Rule 11's 21-day period lapsed. During those 21 days, "Counsel still ha[d] the opportunity to take advantage of the Rule 11 safe harbor by withdrawing the Motion for Fees," *see id.*, but Counsel did nothing.

  Plaintiff also fails to acknowledge that a Rule 11 motion may be filed up to the conclusion of the case. *See id.* (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). Plaintiff instead argues that no sanctions motion may be filed after a complaint's dismissal, even though a motion for fees remains pending, and that motion ***seeks fees Plaintiff incurred from filing the complaint and P.I. Motion***. Monteverde Decl. at Ex. 1 [Doc. 24-1]. Plaintiff's reading of Rule 11's safe harbor encourages the sort

---

[8] This Court need not reach the Rule 11 issue, as it may also levy sanctions under Section 1927 and its inherent authority. *See* Mot. at p. 9 n.5.

5

of abusive litigation tactics that Counsel has pursued in this case and others.[9]

### D. Materiality allegations do not insulate Plaintiff from sanctions.

Unable to address Defendants' Motion for Sanctions on the merits, Plaintiff has cited an incorrect, out-of-circuit standard for the Court's authority to impose sanctions. *See, e.g.*, Pl.'s Resp. at 10-11 (citing *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332, 335 (S.D.N.Y. 2007); *SEC v. Fox*, 855 F.2d 247, 253 (5th Cir. 1988)).  Plaintiff failed to mention the Tenth Circuit's well-established standard:

> A *non-exhaustive list* of sanctionable conduct includes cases where "an attorney acts recklessly or with indifference to the law," when "an attorney is cavalier or bent on misleading the court," when he "intentionally acts without a plausible basis," or "when the entire course of the proceedings was unwarranted."

*Baca v. Berry*, 806 F.3d 1262, 1268 & n.3 (10th Cir. 2015) (emphasis added).

Whether Plaintiff's claims were "entirely without color" is not the issue.  Rather, at issue are Plaintiff's reckless and intentional filings of the P.I. Motion and Motion for Fees without a plausible basis.  *Baca*, 806 F.3d at 1268 n.3.  Reviewing Defendants' supplemental disclosures, *then* filing the P.I. Motion claiming certain disclosures were "imperative," forcing Defendants to oppose the P.I. Motion on an expedited schedule, and *ultimately withdrawing* the P.I. Motion to claim that the supplemental disclosures had long since provided shareholders with a "substantial benefit"[10] reveal the driving motivation behind Plaintiff's bad faith filing of an implausible P.I. Motion—the pursuit of fees.  That

---

[9] *See* Mot. at p. 3 n.1, p. 16 n.10, p.19 n.14.

[10] Ex. 1 to Mot. [Doc. 38-1], Pl.'s Notice of Withdrawal at 2-3.

course of conduct—and the "entire course of the proceedings"—distinguishes this case from *Philhower v. Express Recovery Services., Inc.*, 2014 WL 1648724, at *2-3 (D. Utah Apr. 23, 2014), which held that filing and then withdrawing a motion based on an incorrect legal theory was not bad faith or vexatious conduct, standing alone. *See* Pl.'s Resp. at 11-13.

For two reasons, Plaintiff further misses the mark with her circular argument that because "reasonable minds often differ on the issue" of materiality, sanctions should never be imposed in connection with materiality allegations. Pl.'s Resp. at 10 & n.9. First, the Motion for Sanctions does not "boil[] down to a disagreement about . . . materiality." *Id.* at 10. The Motion for Sanctions notes that "[t]he entire course of the proceedings was unwarranted" and that fees for the entire lawsuit would be justified. Mot. at 19. Defendants nevertheless sought fees only from March 13, 2017, onward because Plaintiff's most egregious conduct occurred after Defendants made the supplemental disclosures. Second, making materiality allegations cannot insulate Plaintiff or her Counsel from liability. Taken to its logical conclusion, such a precedent would permit litigants to frivolously challenge any proxy statement—no matter how thorough—shielded by the argument that alleged omissions are always "arguably" material. The Court should join other courts in rejecting such abusive litigation tactics. *See, e.g.*, *Goldfinger v. Journal Commc'ns Inc.*, 2015 WL 13034986, at *4 (E.D. Wis. Aug. 4, 2015) (sanctioning a party who challenged a proxy in connection with a merger for insufficient disclosures for "grasping at nonexistent straws").

E.  **The P.I. Motion pursued meritless claims.**

7

The Court should impose sanctions because Plaintiff's allegations in the P.I. Motion were meritless. In defense of her motion, Plaintiff first argues Defendants "do not cite . . . binding authority" demonstrating that it was proper that the Proxy did not reconcile the non-GAAP financial measures to their nearest GAAP counterpart. Pl.'s Resp. at 14. But Defendants reference five pages of their Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("P.I. Opp'n Br.") which extensively cite the Code of Federal Regulations and make clear that the GAAP reconciliation regulation *does not apply* to statements, like the Proxy here, which relate to a proposed business combination and are subject to 17 C.F.R. § 229.1015. *See* P.I. Opp'n. Br. [Doc. 9] at 6-11 (citing 17 C.F.R. § 244.100(d)).[11] Plaintiff next argues that the regulation relied upon by Defendants (17 C.F.R. § 244.100(d)) is inapplicable because it only applies to "summaries of banker's fairness opinions but not the disclosure of management projections." Pl.'s Resp. at 15. However, all of the Proxy's alleged infirmities refer to management projections that were considered by Patterson and SSE's investment bankers *in connection with their fairness opinions*. *See* Compl. ¶ 39 (citing Proxy 108-09); *id.* ¶ 42 (citing Proxy at 94, 100). Thus, not only do the non-GAAP projections fall squarely within the realm of the 17 C.F.R. §

---

[11] In fact, it is *Plaintiff* who fails to cite to any case or statute recognizing any such reconciliation requirement in the 14 years since the enactment of the regulation, even though proxy disclosures routinely include non-GAAP projections. *See* P.I. Opp'n Br. at p. 7, n.3 (collecting citations). Instead, Plaintiff points to a slew of SEC correspondence with other entities to suggest that the GAAP reconciliation regulations have been inconsistently enforced by the SEC. *See* Pl.'s Resp. at p. 14, n.11. But these letters do not point to a single instance in which the SEC has required a disclosure to include GAAP reconciliations when the disclosure related to a business combination and was made pursuant to Item 1015 of Regulation M-A. *See id.*

8

244.100(d), but a separate regulation *requires* that corporations "[f]urnish a summary concerning [their bankers'] report, opinion, or appraisal" as well as "the bases for and methods of arriving at such findings and recommendations," which necessarily includes financial projections an advisor received from company management. 17 C.F.R. § 229.1015(b)(6) ("Item 1015"). In short, because the financial projections were disclosed in order to comply with Item 1015, the reconciliation regulation does not apply.

Second, Plaintiff argues that it was not frivolous to assert that the Proxy should have disclosed Morgan Stanley's 0.016% ownership in Patterson. Pl.'s Resp. at 16. However, Plaintiff cannot distinguish Defendants' on-point authorities which establish that such *de minimis* ownership is immaterial as a matter of law. *See, e.g.*, *Kin-Ark Corp. v. Boyles*, 593 F.2d 361, 366 (10th Cir. 1979) (holding directors' .72% and .42% ownership interests in corporate investments were immaterial); *In re Micromet, Inc. S'holders Litig.*, 2012 WL 681785, at *12 (Del. Ch. Feb. 29, 2012) (finding financial advisor's 0.16% investment in a company was immaterial).[12] Further, the authorities cited by Plaintiff involve far more egregious conflicts than those alleged here, and are therefore inapposite. *See In re Rural Metro Corp.*, 88 A.3d 54, 106 (Del. Ch. 2014) (involving a financial advisor who secretly steered a transaction towards counterparties that would use the advisor's lending services); *Goldstein v. Bear, Stearns & Co.*, 1988 WL 95135, at *3 (E.D.N.Y. Sept. 7, 1988)

---

[12] Plaintiff's assertion that *Kin-Ark* is inapplicable because it does not involve a conflicted banker providing a fairness opinion falls flat as the materiality standard evaluating the omission here and in *Kin-Ark* are the same. 593 F.2d at 366. Plaintiff does not even attempt to distinguish *In re Micromet*, which *does* involve a financial advisor's *de minimis* investment in a company it advised. 2012 WL 681785, at *12.

9

(involving the omission of an ongoing relationship between the target company's financial advisor with a significant stockholder of the acquiring company); *David P. Simonetti Rollover IRA v. Margolis*, 2008 WL 5048692, at *8 (Del. Ch. June 27, 2008) (requiring an advisor to disclose the value of its notes holdings in the merging company which were "entitled to receive cash payments upon…consummation of the Merger"). At any rate, if, as Plaintiff suggests, her allegations regarding Morgan Stanley's conflicts were meritorious, her withdrawal of the P.I. Motion becomes even more curious.[13] Indeed, the decision to withdraw a motion which she believed contained viable claims further demonstrates the true catalyst for this litigation—a fee award.

### III.   CONCLUSION

For the reasons stated herein and in the Motion for Sanctions, Defendants respectfully request that the Court grant the Motion for Sanctions and enter sanctions against Monteverde & Associates PC under 28 U.S.C. § 1927, Rule 11, and the Court's inherent authority. Defendants request an award of all attorneys' fees and costs that Defendants have incurred since March 13, 2017, and that the Court deny Plaintiff's request for attorneys' fees and expenses.

---

[13] Similarly, Plaintiff offers absolutely no explanation as to why she declined to pursue her other disclosure claims as well as her allegation that SSE stockholders received inadequate merger consideration. *See* Compl. ¶¶ 34-50 (outlining the Proxy's *twelve* alleged omissions); *see also id.* ¶¶ 21-26 (detailing why SSE stockholders were unfairly compensated).

DATED:  October 4, 2017

Respectfully submitted,

*/s/ Timothy J. Bomhoff*
Timothy J. Bomhoff, OBA # 13172
Patrick L. Stein, OBA #30737
MCAFEE & TAFT
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 552-2339
Facsimile: (405) 228-7339
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com


Of Counsel:
Michael C. Holmes
Craig E. Zieminski
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
mholmes@velaw.com
czieminski@velaw.com

*Attorneys for Defendants Seventy Seven Energy, Inc., Jerry L. Winchester, Victor Danh, Andrew Axelrod, Douglas J. Wall, David King, Edward J. Dipaolo, and Steven Hinchman*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 4th day of October, the above and foregoing instrument was served via email and certified mail, return receipt requested, on counsel for Plaintiff:

Juan E. Monteverde  
Monteverde & Associates PC  
The Empire State Building  
350 Fifth Avenue, 59th Floor  
New York, NY 10118  
jmonteverde@monteverdelaw.com

                                              */s/ Timothy J. Bomhoff*  
                                              Timothy J. Bomhoff