# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA COMEAUX, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>SEVENTY SEVEN ENERGY, INC., JERRY L. WINCHESTER, VICTOR DANH, ANDREW AXELROD, DOUGLAS J. WALL, DAVID KING, EDWARD J. DIPAOLO, and STEVEN HINCHMAN,<br><br>      Defendants. | Case No. CIV-17-191-M |

## ORDER

Before this Court is the Plaintiffs' Motion for an Award of Attorney's Fees and Expenses, filed June 28, 2017. Defendants filed a response August 2, 2017, and plaintiffs filed a reply August 28, 2017. Based on the parties' submissions, the Court makes its determination.

I. Introduction

This action arises out of plaintiff's lawsuit as a shareholder against defendants for failing to include certain material information in the final proxy statement regarding a merger. While plaintiff alleged several claims in her complaint, once the

1

material information was included in the proxy statement, plaintiff dismissed the remaining claims.[1] Plaintiff asserts she conferred a substantial benefit upon all the shareholders entitling plaintiff's counsel to an award of fees and expenses. Plaintiff's counsel seeks an attorney fee award of $380,000.00 and expenses.

II. Attorney Fee Awards

The Tenth Circuit has stated "[i]n class actions, the district court has broad authority over awards of attorney fees." *Law v. Nat'l Collegiate Athletic Ass'n*, 4 Appx. 749, 751 (10th Cir. 2001) (unpublished)(citation omitted). The Tenth Circuit has also adopted the test that the United States Court of Appeals for the Fifth Circuit adopted in *Johnson v. Georgia Highway Express, Inc.* which analyzes the following twelve factors to determine attorney fee awards:

    i) the time and labor required;

    ii) the novelty and difficulty of the question presented in the case;

    iii) the skill requisite to perform the legal service properly;

    iv) the preclusion of other employment due to acceptance of the case;

    v) the customary fee;

    vi) whether the fee is fixed or contingent;

    vii) any time limitations imposed by the client or the circumstances;

---

[1] The parties disagree as to whether the SEC identified the lack of disclosure on its own or after reviewing plaintiff's Complaint and then demanded defendants correct the proxy statement.

    viii)    the amount involved and the results obtained;

    ix)    the experience, reputation and ability of the attorneys;

    x)    the undesirability of the case;

    xi)    the nature and length of the professional relationship with the client; and

    xii)    awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); s*ee also Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 n.3 (10th Cir. 1995) (citations omitted).

Further, the Tenth Circuit has held

> the award of attorney's fees to plaintiffs in class action and derivative suits is based upon the common benefit doctrine, an exception to the American rule litigants must that prevailing pay their own attorneys' fees. It applies where the plaintiff's successful litigation confers a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.

*Rosenbaum*, 64 F. 3d at 1444 (citations and quotations omitted).

III.    <u>Conclusion</u>

Having carefully reviewed the parties' submissions, and after considering the *Johnson* factors, the Court finds plaintiff is entitled to an attorneys' fee award of

$128,354.50 and expenses of $599.57.[2] Further, the Court finds plaintiff's litigation conferred a substantial benefit on the members of the class. Finally, the Court finds a multiplier is not appropriate in this case.

Accordingly, the Court

1) GRANTS Plaintiff's Motion for an Award of Attorney's Fees and Expenses [Docket no. 22]; and

2) AWARDS Plaintiff's counsel $128,354.50 in attorneys' fees and $599.57 in expenses.

**IT IS SO ORDERED this 26th day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff submitted affidavits and timesheets to support the hours worked and billed as well as expenses incurred.